**STATE of Alaska, Appellant,**

v.

**Gilbert SEMAKEN, Appellee.**

**No. 6384.**

Court of Appeals of Alaska.

July 23, 1982.

Thomas A. Miller, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellant.

Blair McCune, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

---

## OPINION

COATS, Judge.

Gilbert Semaken was charged in a criminal complaint with the sale of subsistence-caught salmon roe in violation of 5 AAC 01.010(d). That regulation provides: "It is unlawful to buy or sell subsistence-caught fish or their parts, unless otherwise specified in this chapter." Semaken moved to dismiss the complaint, alleging that 5 AAC 01.010(d) is unconstitutionally vague. The district court granted the motion and the state now appeals.[1] We affirm.

Specifically, Semaken contends that it is not clear that roe are "parts" of fish for purposes of 5 AAC 01.010(d).[2] The state argues that although a fish biologist might have some doubt as to whether roe are parts of fish, an ordinary person would have no difficulty in reaching that conclusion. Semaken argues otherwise and we agree with him. Arguably, roe are in a class by themselves. Unlike other components of fish which truly may be classified as "parts" of fish, e.g., fins, bones, and muscle, roe may have an existence independent of the fish. During spawning, roe are deposited by the female salmon in stream beds. Also, just prior to spawning, it is possible to milk the female salmon of its roe by rubbing its underside. We further find it particularly significant that provisions of state statutes, specifically AS 16.05.920(a), explicitly mention "eggs" along with "parts."[3] Given these facts, we are not at all sure whether or not roe should be viewed as parts of fish. While we agree with the state that a grave threat may be posed to the salmon population by permitting the sale of roe, we do not believe that such a concern validates the application of otherwise unconstitutionally vague regulatory language.

The district court's dismissal of the complaint is AFFIRMED.

---

1. The state also appeals from the district court's suppression of evidence of fish tickets. Our resolution of the vagueness issue makes it unnecessary to reach this point of the state's appeal.

2. In *Holton v. State*, 602 P.2d 1228, 1235–36 (Alaska 1979), the court delineated three factors to be considered in determining whether a statute is unconstitutionally vague:

   First, a statute may not be so imprecisely drawn and overbroad that it "chills" the exercise of first amendment rights. The second consideration is that in order to be consistent with notions of fundamental fairness a statute must give adequate notice of the conduct that is prohibited. The final element in an analysis of statutory vagueness is whether the statute's imprecise language encourages arbitrary enforcement by allowing prosecuting authorities undue discretion to determine the scope of its prohibitions.

   (Quoting *Summers v. Anchorage*, 589 P.2d 863, 866–67 (Alaska 1979).) Both the state and Semaken agree that the key consideration here is notice.

3. AS 16.05.920(a) reads as follows:

   *Certain acts made unlawful.* (a) Unless permitted by this chapter or by regulation made under this chapter, it is unlawful for a person *to take, possess, transport, sell, offer to sell,* purchase, or offer to purchase fish, game or marine aquatic plants, or any part of fish, game or aquatic plants, or a nest or egg of fish or game.